# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

UNITED STATES OF AMERICA,
      Plaintiff,

      v.

C.T. WOODY, JR., SHERIFF, CITY OF
RICHMOND, in his official capacity, and
RICHMOND CITY SHERIFF'S OFFICE,
      Defendants.

CIVIL NO. 3:16-cv-127

## UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Plaintiff, the United States of America, opposes the motion of Defendants, Sheriff C.T.

Woody, Jr., in his official capacity (the Sheriff), and the Richmond City Sheriff's Office

(collectively, Defendants), to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and

12(b)(6).  Defendants argue that the Court should dismiss the Complaint in its entirety, because,

first, sovereign immunity bars the suit; and, second, the Complaint does not adequately plead

that the Sheriff, as an arm of the Commonwealth of Virginia, was Emily Hall's employer.  The

Court should reject these arguments, because sovereign immunity does not bar suits by the

Federal Government against States, and the Complaint adequately pleads that the Sheriff, in his

official capacity, was Ms. Hall's employer under Title I of the Americans with Disabilities Act

(ADA).  Defendants also argue that the Richmond City Sheriff's Office should be dismissed as a

party, because the Office is not *sui juris*.  To the extent that, as Defendants claim, the Richmond

City Sheriff's Office is legally identical to the Sheriff in his official capacity, the United States

does not oppose dismissing the Office as a party.

1

## BACKGROUND

On March 2, 2016, the United States filed this action alleging that Defendants violated

Title I of the ADA, 42 U.S.C. §§ 12111−12117, by discriminating against Emily Hall, a qualified

individual with a disability.  Specifically, the Complaint alleges that Defendants failed to

reassign Ms. Hall to a vacant position for which she was qualified as a reasonable

accommodation for her disability.  *See* 42 U.S.C. § 12112(a), (b); 29 C.F.R. § 1630.9.  In

response, Defendants filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P.

12(b)(1) and 12(b)(6).

## ARGUMENT

### I.   Legal Standard

A motion to dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed.

R. Civ. P 12(b)(1) "addresses whether [the plaintiff] has a right to be in the district court at all

and whether the court has the power to hear and dispose of [the plaintiff's] claim."  *Holloway v.*

*Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012).  A court should grant

such a motion "only if the material jurisdictional facts are not in dispute and the moving party is

entitled to prevail as a matter of law."  *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*,

166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks omitted).

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), on

the other hand, "tests the legal sufficiency of a complaint."  *Jones v. HCA*, 16 F. Supp. 3d 622,

628 (E.D. Va. 2014).  To survive such a motion, a complaint must contain "enough facts to state

a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Jones*, 16 F. Supp. 3d at 628 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A court considering either type of motion assumes that the facts alleged in the complaint are true and views the complaint in the light most favorable to the plaintiff. *Id.*; *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (court considering a motion to dismiss "contend[ing] that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based" affords the plaintiff "the same procedural protection as [the plaintiff] would receive under a Rule 12(b)(6) consideration").

## II.    Sovereign Immunity Does Not Bar This Suit Against a State by the Federal Government

The Eleventh Amendment does not bar this action against a State by the United States, because "States retain no sovereign immunity as against the Federal Government." *West Virginia v. United States*, 479 U.S. 305, 312 n.4 (1987); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 71 n.14 (1996); *United States v. Mississippi*, 380 U.S. 128, 140 (1965) ("[N]othing in [the Eleventh Amendment] or any other provision of the Constitution prevents or has ever been seriously supposed to prevent a State's being sued by the United States.").

The Sheriff argues that (1) he is a constitutional officer of the Commonwealth of Virginia, *see* Va. Const. art. VII, § 4, cl. 1; *Hilton v. Amburgey*, 198 Va. 727, 729 (1957); (2) a suit against a Virginia officer in his official capacity is a suit against Virginia, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); and (3) sovereign immunity bars suits against States, *see generally Cash v. Granville Cnty. Bd. of Educ.*, 242 F.3d 219, 222 (4th Cir. 2001).  It is true that this suit against the Sheriff in his official capacity is effectively a suit against the Commonwealth of Virginia.  But sovereign immunity "does not bar all judicial review of state compliance with the Constitution and valid federal law."  *Alden v. Maine*, 527 U.S. 706, 755

(1999); *see also Amaram v. Va. State Univ.*, 476 F. Supp. 2d 535, 540 (E.D. Va. 2007)

("[S]overeign immunity does not prohibit all suits against a state."), *aff'd*, 261 F. App'x 552 (4th

Cir. 2008).  Rather, sovereign immunity applies "only in the absence of [state] consent."  *Alden*,

527 U.S. at 755.  By ratifying the Constitution, States consented to suits against them by the

Federal Government.  *Id.*; *Principality of Monaco v. Mississippi*, 292 U.S. 313, 328−29 (1934)

(collecting cases).  Accordingly, sovereign immunity does not apply to suits brought by the

Federal Government.

     In *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001), the

Supreme Court held that private parties may not seek money damages against state employers

under Title I of the ADA.  But the Court also explicitly affirmed the authority of the United

States to bring such a suit:

> Our holding [] that Congress did not validly abrogate the States' sovereign
> immunity from suit *by private individuals* for money damages under Title I does
> not mean that persons with disabilities have no federal recourse against
> discrimination.  Title I of the ADA still prescribes standards applicable to the
> States.  *Those standards can be enforced by the United States in actions for
> money damages* . . . .

*Id.* at 374 n.9 (emphasis added).  As the Fourth Circuit has reiterated, where "the Federal

Government has 'deem[ed] the case of sufficient importance to take action against the State,'"

sovereign immunity does not apply.  *Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 282 (4th Cir.

2002) (quoting *Alden*, 527 U.S. at 760) (holding that sovereign immunity did not bar suit by

Secretary of Labor against Virginia agency under Fair Labor Standards Act).

     Every circuit to have considered the question agrees that the Federal Government may

sue a State for money damages under federal civil rights laws, including the ADA.  *See, e.g.*,

*United States v. Miss. Dep't of Pub. Safety*, 321 F.3d 495, 499 (5th Cir. 2003) ("The United

States is not barred by the Eleventh Amendment from suing a state to enforce federal law and

obtain the relief authorized by the ADA."); *United States v. Ala. Dep't of Mental Health & Mental Retardation*, 673 F.3d 1320, 1328 (11th Cir. 2012) ("[I]t is well-settled that the United States may obtain victim-specific relief on behalf of a particular individual without offending the Eleventh Amendment."); *E.E.O.C. v. Bd. of Regents of Univ. of Wis. Sys.*, 288 F.3d 296, 300−01 (7th Cir. 2002) ("[S]overeign immunity does not bar this suit, which is brought independently by an agency of the United States government."); *E.E.O.C. v. Ky. Ret. Sys.*, 16 Fed. App'x 443, 448 (6th Cir. 2001) (unpublished) ("We agree that had the suit been brought by a private individual, it would be barred by the Eleventh Amendment.  However, this suit was brought by the EEOC, a federal agency . . . .").

The Sheriff is a constitutional officer of the Commonwealth of Virginia.  Va. Const. art. VII, § 4, cl. 1; *Hilton*, 198 Va. at 729.  A suit against a state official in his official capacity is a suit against the State itself.  *Will*, 491 U.S. at 71.  Those facts would require dismissal of a private action for money damages, but they are no bar to this suit by the United States.  This action should not be dismissed on sovereign immunity grounds under Fed. R. Civ. P. 12(b)(1) or 12(b)(6).

III. **The Complaint Adequately Pleads that the Sheriff in his Official Capacity Was Ms. Hall's Employer**

The Sheriff argues that because he is a constitutional officer of the Commonwealth of Virginia, and because the Complaint does not allege that the Commonwealth of Virginia itself supervised Ms. Hall, the Complaint must be dismissed.  The Court should reject this circular reasoning.  Regardless of whether the Commonwealth is or is not, in some sense, Ms. Hall's employer, the Complaint adequately alleges that the Sheriff was her employer.  Courts in this circuit have "consistently assumed that the office of sheriff was properly named as the plaintiffs' employer within the meaning of [federal employment discrimination laws]." *Efird v. Riley*, 342

5

F. Supp. 2d 413, 420 (M.D.N.C. 2004) (collecting cases); *e.g.*, *Wiatt v. Marrs*, No. CIV.A. 7:04CV00461, 2005 WL 552563, at *1 (W.D. Va. Feb. 22, 2005) (concluding that a Virginia "sheriff, in his official capacity, is an 'employer' within the meaning of Title VII").[1]  In *Briggs v. Waters*, 455 F. Supp. 2d 508 (E.D. Va. 2006), the court properly concluded that a deputy sheriff may bring federal employment discrimination claims against a sheriff in his official capacity in Virginia, reasoning:

> [A] sheriff in his or her individual capacity is not an employer within the meaning of Title VII.  Implicit in this conclusion is the proposition that either the sheriff's office or the sheriff in his or her official capacity is an employer within the meaning of Title VII.  After all, persons working in a sheriff's office must work for someone.

*Id.* at 513−14 (citations omitted).

Several courts, including this one, have allowed complaints to proceed against Virginia sheriffs as "employers" under federal employment discrimination laws, despite sheriffs' status as constitutional officers.  *See, e.g.*, *United States v. Gregory*, 871 F.2d 1239, 1247 (4th Cir. 1989) (reversing dismissal of Title VII claim against Virginia sheriff in his official capacity); *Koger v. Woody*, No. CIV.A. 3:09CV90, 2009 WL 1766639, at *7 (E.D. Va. June 22, 2009) (Payne, J.) (granting in part and denying in part Sheriff Woody's motion to dismiss Title VII suit against him in his official capacity); *King v. McMillan*, No. CIVA 7:05CV00521, 2006 WL 2126279, at *1 (W.D. Va. July 28, 2006) (denying sheriff's motion to dismiss Title VII suit against him in his official capacity).

The proper inquiry is whether the Complaint contains sufficient "factual content [to] allow[] the court to draw the reasonable inference" that the Sheriff in his official capacity was Ms. Hall's employer.  *Jones*, 16 F. Supp. 3d at 628 (quoting *Iqbal*, 556 U.S. at 678); *see also* 42

---

[1] "Title VII . . . defines 'employer' in essentially the same way as the ADA."  *Reynolds v. Am. Nat. Red Cross*, 701 F.3d 143, 155 (4th Cir. 2012); *accord Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 992 n.2 (6th Cir. 1997) ("Title VII . . . and the ADA define 'employer' essentially the same way.").

U.S.C. §§ 12111, 12112(a); 42 U.S.C. § 2000e(a).  It does.  The Complaint alleges that

Defendants controlled the terms and conditions of Ms. Hall's employment.  *See Sutherland v.*

*Mich. Dep't of Treasury*, 344 F.3d 603, 612 (6th Cir. 2003) ("The determination of whether a

particular entity is an employer [under federal employment discrimination laws] involves an

examination of whether the alleged employer exercises control over the manner and means of the

plaintiff's work.").  Because "[t]he precise contours of an employment relationship can only be

established by a careful factual inquiry . . . . it is ordinarily inappropriate for courts to apply [an]

employer test at the motion to dismiss stage."  *Harris v. Hous. Auth. of Baltimore City*, No. CIV.

WDQ-14-3395, 2015 WL 5083502, at *4 (D. Md. Aug. 26, 2015) (citation and internal quotation

marks omitted).  This case is no exception.

The Complaint alleges that the Sheriff in his official capacity hired and fired Ms. Hall,[2]

assigned her tasks, and supervised her employment.  *See Clackamas Gastroenterology Assocs.,*

*P. C. v. Wells*, 538 U.S. 440, 450 (2003) ("[A]n employer [under the ADA] is the person, or

group of persons, who . . . can hire and fire employees [and] can assign tasks to employees and

supervise their performance . . . ."); *see also Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d

404, 414 (4th Cir. 2015) (considering entity's "authority to hire and fire the individual" and

"day-to-day supervision of the individual" in analyzing Title VII joint-employer claim).

Specifically, the Complaint alleges:

- "Ms. Hall began working *for* [the Sheriff] as a Deputy Sheriff in 2003," Compl. ¶ 10 (emphasis added);

- She continued "working for" the Sheriff for approximately ten years, Compl. ¶ 10;

- The Sheriff or his agents granted or denied Ms. Hall's leave and "light duty" requests, *e.g.* Compl. ¶ 15;

---

[2] Virginia law also grants sheriffs exclusive authority to hire and fire deputy sheriffs.  *See* Va. Code Ann. § 15.2-1603.

7

- The Sheriff fired Ms. Hall by sending her "a letter . . . informing her that she was terminated from her position as Deputy Sheriff, effective May 10, 2013, due to 'organizational need,'" Compl. ¶ 27.

Because the Complaint "allege[s] sufficient facts showing that an employment relationship is plausible," *Harris*, 2015 WL 5083502, at *4, the Complaint should not be dismissed.

Regardless of whether the Sheriff in his official capacity is legally interchangeable with the Commonwealth of Virginia for all purposes, the Complaint sufficiently pleads that he was Ms. Hall's "employer" under the ADA. This action should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.    The United States Does Not Oppose Dismissal of the "Richmond City Sheriff's Office" as a Party to this Action

The United States does not oppose the motion of the Richmond City Sheriff's Office to dismiss the Office as a party to this action, insofar as a Virginia constitutional officer in his official capacity and his office are "one and the same under Virginia law," *Leuenberger v. Spicer*, No. 5:15-CV-00036, 2016 WL 355090, at *6 (W.D. Va. Jan. 28, 2016).

Some courts have concluded that a plaintiff may sue a Virginia "sheriff's office" such as the Richmond City Sheriff's Office under federal employment discrimination laws. *E.g.*, *Briggs*, 455 F. Supp. 2d at 513−14. In *Briggs*, the court reasoned, first, that the Virginia Code and the Virginia Attorney General use the terms "sheriff's office" and "sheriff" interchangeably, and, second, that "it is not uncommon for a sheriff's office to appear as a named party in Virginia courts." *Id.* at 514 (collecting cases). This Court, however, has joined other courts in this Circuit in concluding that a "Sheriff's Department is not *sui juris*, and any claims against [a] Sheriff's Department [should be] dismissed from th[e] action." *Francis v. Woody*, No. CIV.A. 3:09CV235, 2009 WL 1442015, at *6 (E.D. Va. May 22, 2009) (Payne, J.). The United States takes no position on this issue in this action and does not oppose dismissal of the "Richmond

City Sheriff's Office" as a party, insofar as the Sheriff in his official capacity and the Office are identical for purposes of liability and relief.

## <u>CONCLUSION</u>

The Court should deny Defendants' motion to dismiss the Complaint.

Respectfully submitted,

For the United States of America

LORETTA E. LYNCH
Attorney General of the United States

DANA J. BOENTE
United States Attorney
Eastern District of Virginia

*/s/ Vanita Gupta*
VANITA GUPTA
Principal Deputy Assistant Attorney General

EVE L. HILL
Deputy Assistant Attorney General
Civil Rights Division

*/s/ Rebecca B. Bond*
Rebecca B. Bond, Chief

Amanda Maisels, Deputy Chief

*/s/ L. Margaret Harker*
L. Margaret Harker
VSB No. 82188
Assistant United States Attorney
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia, 23219
(804) 819-5400 (phone)
(804) 819-7417 (fax)
Margaret.Harker@usdoj.gov

*/s/ Kathryn E. Gilbert*
Alyse Bass, Senior Trial Attorney
alyse.bass@usdoj.gov
Kathryn E. Gilbert, Trial Attorney
kathryn.gilbert@usdoj.gov
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
Telephone:  (202) 616-2430
Facsimile:  (202) 305-9775

10

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 6th day of April, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to:

William W. Tunner (VSB No. 38358)
Courtney M. Malveaux (VSB No. 51064)
William D. Prince, IV (VSB No. 77209)
ThompsonMcMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Tel: (804) 649-7545
Fax: (804) 780-1813
wtunner@t-mlaw.com
cmalveaux@t-mlaw.com
wprince@t-mlaw.com
*Counsel for Defendants C.T. Woody, Jr., Sheriff, City of Richmond, et al.*

By:  */s/ L. Margaret Harker*
L. Margaret Harker
VSB No. 82188
Assistant United States Attorney
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia, 23219
(804) 819-5400 (phone)
(804) 819-7417 (fax)
Margaret.Harker@usdoj.gov