

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

       Plaintiff,

v.                              Civil Case No. 3:16-cv-127

C.T. WOODY, JR., SHERIFF, CITY
OF RICHMOND, in his official
Capacity, et al.,

       Defendants.

### MEMORANDUM OPINION

This matter is before the Court on DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) (ECF No. 9). For the reasons herein, the motion will be granted in part and denied in part.

### BACKGROUND

Plaintiff, the United States of America, filed a Complaint on March 2, 2016, alleging that C.T. Woody, Jr., Sheriff, City of Richmond ("Sheriff Woody"), acting in his official capacity, and the Richmond City Sheriff's Office (collectively, "Defendants") violated Title I of the Americans with Disabilities Act ("ADA"). (Complaint ("Compl.,") ECF No. 1). The Complaint alleges that Emily Hall ("Hall") was employed by Defendants from 2003 to 2013 as a deputy sheriff. Id. ¶ 10. In or around September 2012, Hall was diagnosed with familial

1

dilated cardiomyopathy and tachycardia, which substantially affected her cardiovascular function and significantly limited many of her daily activities. Id. ¶¶ 8-9. Because of these limitations, Hall was no longer able to perform her regular duties as Deputy Sheriff. Id. ¶¶ 12-14.

Therefore, while recovering from surgery in October and November of 2012, Hall asked Woody to reassign her to another position within Defendants' organization. Id. ¶¶ 16, 18. Sheriff Woody assured Hall that he would be able to find a civilian position for her and would discuss the matter with human resources staff. Id. ¶ 17. Shortly thereafter, Hall became aware of a vacant Payroll Technician position, and applied for it in February 2013. Id. ¶ 20. Hall ultimately did not receive the position, and in March 2013 again requested reassignment within Defendants' organization. Id. ¶¶ 24-25. Defendants declined to offer Hall a transfer or reassignment to a vacant position, and terminated her employment in May of 2013. Id. ¶¶ 26-27. The reason offered for Hall's termination was "organizational need." Id. ¶ 27.

On July 31, 2013, Hall filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Defendants discriminated against her in violation of the ADA by denying her a reasonable accommodation. Id. ¶ 7. The EEOC investigated Hall's charge and found

2

reasonable cause to believe that Defendants discriminated against her in violation of the ADA. Id. ¶ 8. After the EEOC's conciliation efforts failed, the EEOC referred the matter to the United States Department of Justice. Id. The United States now seeks to enjoin Defendants to implement measures designed to ensure compliance with the ADA, as well as seeking Hall's reinstatement and compensatory damages, including back pay with interest and damages for pain and suffering. Id. at 7-8.

Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 10). Defendants contend that the Richmond City Sheriff's Office is not sui juris because the "Richmond City Sheriff's Office" is not an independent legal entity. (Memorandum in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Def. Mem.," ECF No. 11) at 6). Defendants next contend that all claims against Sheriff Woody must be dismissed because the Complaint does not adequately allege that the Commonwealth of Virginia was Hall's "employer" within the meaning of the ADA. Id. at 7-11. For the reasons below, Defendants' motion will be granted as to the claim brought against the Richmond City Sheriff's Office, and denied as to the claims brought against Sheriff Woody.

3

## DISCUSSION

### A. Legal Standard[1]

Fed. R. Civ. P. 12(b)(6) permits a party to move for dismissal of a claim if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim" showing that the pleader is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Courts should assume the veracity of all well-pleaded allegations in the Complaint, and should deny a motion to dismiss where those well-pleaded allegations state a plausible claim for relief. Id. at 679. A claim is "plausible" when the plaintiff pleads facts sufficient to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Twombly, 550 U.S. at 556. The court should

---

[1] Initially, Defendants also sought dismissal of Hall's claims against Sheriff Woody on the ground that, to the extent that the United States seeks compensatory damages on Hall's behalf, Sheriff Woody enjoys sovereign immunity. (Def. Mem. at 7). However, Defendants have since withdrawn that argument. (ECF No. 14). Therefore, to the extent Defendants initially sought dismissal under Fed. R. Civ. P. 12(b)(1) on sovereign immunity grounds, the motion is denied as moot and is not addressed further herein. The remainder of Defendants' motion seeks dismissal pursuant only to Fed. R. Civ. P. 12(b)(6).

4

grant a motion to dismiss, however, where the allegations are nothing more than legal conclusions, or where they permit a court to infer no more than a possibility of misconduct. Iqbal, 556 U.S. at 678-79.

Although courts generally do not consider extrinsic evidence in deciding motions under Rule 12(b)(6), "a court may consider...documents central to a plaintiff's claim, and documents sufficiently referred to in the complaint without converting the [motion] into one for summary judgment, so long as the authenticity of the documents is not disputed." PBM Nutritionals, LLC v. Dornoch Ltd., 667 F. Supp. 2d 621, 626 (E.D. Va. 2009) (citing Witthohn v. Fed. Ins. Co., 164 F. App'x 396, 396 (4th Cir. 2006)).

**B. The Richmond City Sheriff's Office is not Sui Juris.**

Defendants contend that all claims against the Richmond City Sheriff's Office should be dismissed because there is no independent legal entity known as the "Richmond City Sheriff's Office, and that, accordingly, the Richmond City Sheriff's Office is not sui juris. (Def. Mem. at 6). The United States does not oppose the dismissal of the Richmond City Sheriff's Office as a party, to the extent that a suit brought against the Richmond City Sheriff's Office is legally indistinct from a suit brought against Sheriff Woody in his official capacity. (United States' Response to Defendants' Motion to Dismiss the Complaint

5

("Gov. Resp.," ECF No. 11) at 1). The Court agrees with the parties that the Richmond City Sheriff's Office is not a legal entity with the capacity to be sued, and therefore will be dismissed as a defendant.

"An entity is not sui juris if it is an agency of the municipality and not a separate legal entity." Corbin v. Woolums, 2008 WL 2149911, at *4 (E.D. Va. May 20, 2008) (internal citation omitted). And, a number of courts have held that a "Sheriff's Office is not a properly named party defendant because the [] Sheriff is an independent constitutional officer; not a legally recognized entity separate from the Sheriff himself and the county government." Francis v. Woody, 2009 WL 1442015, at *6 (E.D. Va. May 22, 2009) (quoting Clark v. Beasley, 2004 WL 3222732, at *4 (E.D. Va. July 8, 2004)); see also Revene v. Charles County Comm'rs, 882 F.2d 870, 874 (4th Cir. 1989) ("The separate claim against the 'Office of Sheriff' was rightly dismissed on the basis that this 'office' is not a cognizable legal entity separate from the Sheriff in his official capacity and the county government of which this 'office' is simply an agency.").

Therefore, the motion is granted to the extent that it seeks dismissal of all claims against the Richmond City Sheriff's Office.

6

**C. Claims Against the Sheriff in his Official Capacity**

**1. The Complaint Adequately Alleges that Sheriff Woody, in his Official Capacity, was Hall's Employer.**

Title I of the ADA prohibits discrimination against qualified individuals on the basis of disability by "covered entities." 42 U.S.C. § 12112(a). A "covered entity" is defined as "an employer, employment agency, labor organization or joint labor-management committee." The ADA defines an "employer" (subject to limited exceptions inapplicable here) as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person[.]" 42 U.S.C. § 12111(5); 42 U.S.C. § 2000e. To determine whether an entity acted as an "employer," courts look to whether the entity exercised control over the manner and means of the employee's work. See, e.g., Sutherland v. Michigan Dept. of Treasury, 344 F.3d 603, 611-12 (6th Cir. 2003).[2]

Sheriff Woody, acting in his official capacity, satisfies this

---

[2] Several of the decisions cited herein refer to the interpretation of Title VII of the Civil Rights Act of 1964 ("Title VII"), rather than the ADA. As the Court has previously noted, "[t]he ADA's definition of 'employer' mirrors the definitions of 'employer' in Title VII and in the Age Discrimination in Employment Act," and therefore, courts routinely apply arguments concerning this definition to all three statutes interchangeably. Stephens v. Kay Mgmt. Co., Inc., 907 F. Supp. 169, 179 (E.D. Va. 1995) (quoting United States Equal Employment Opportunity Comm'n v. AIC Security Investigations Ltd., 55 F.3d 1276, 1279 (7th Cir. 1995)) (internal quotation marks omitted).

7

definition. The Virginia Constitution, Art. VII § 4, provides that Sheriffs in Virginia are constitutional officers serving independently of both municipal and state governments. Virginia Code Ann. § 15.2-1603 gives the Sheriff discretion to hire and fire deputies. Accordingly, courts within this Circuit have repeatedly held that a Virginia sheriff in his or her official capacity is subject to suit as an "employer" within the meaning of federal employment discrimination laws. See, e.g., King v. McMillan, 2006 WL 2126279, at *2 n.3 (W.D. Va. July 28, 2006); Briggs v. Waters, 455 F. Supp. 2d 508, 513 (E.D. Va. 2006); Wiatt v. Marrs, 2005 WL 552563, at *1 (W.D. Va. Feb. 22, 2005). Therefore, Sheriff Woody, in his official capacity, is an "employer" within the meaning of the ADA.

Moreover, the Complaint contains allegations adequate to support the inference that Sheriff Woody was Hall's employer. The Complaint alleges that the Sheriff in his official capacity hired and fired Hall. Compl. ¶¶ 10, 27. The Complaint further alleges that Hall "notified Defendants" that she would need to take medical leave. Id. ¶ 13. Hall "met with Sheriff C.T. Woody, Jr., and requested that he transfer her" to a different division within his department, and "Sheriff Woody assured Ms. Hall that he would be able to find a civilian position for her[.]" Id. ¶ 16-17. Finally, Hall also corresponded with Sheriff Woody multiple times by way of e-mail concerning job

8

opportunities within his office. Id. ¶¶ 18, 25. Therefore, the Complaint "allege[s] sufficient facts showing that an employment relationship [between Hall and Woody] is plausible[.]" Harris v. Hous. Auth. Of Baltimore City, 2015 WL 5083502, at *4 (D. Md. Aug. 26, 2015).

Defendants contend that, because "Plaintiff's claim against Sheriff Woody in his official capacity is a claim against the Commonwealth of Virginia," the United States must allege that the Commonwealth, rather than Sheriff Woody, was Hall's employer. (Def. Mem. at 11). The catch, however, according to Defendants, is that the "Commonwealth of Virginia...was not Ms. Hall's employer," and therefore the United States cannot adequately allege that Hall was employed by a "covered entity" as required by Title I of the ADA.

Accepting this reasoning would effectively prevent any federal employment discrimination action against any local constitutional officer. As Defendants would have it, the Commonwealth of Virginia, not the Sheriff, is the employer of those who work in the Sheriff's department, but cannot be sued as such because the Sheriff, not the Commonwealth, directly supervises the Sheriff's employees. That result is illogical and contrary to well-settled law.

9

As the Court has previously noted, "persons working in a sheriff's office must work for someone." Briggs, 455 F. Supp. 2d at 514. In this case, that someone is Sheriff Woody. The Complaint contains numerous specific factual allegations demonstrating that Sheriff Woody retained and exercised discretion regarding the hiring, firing, and reassignment of his deputies, including Hall. Moreover, the Commonwealth of Virginia did not, separate and apart from the actions of the Sheriff, exercise any supervisory authority over Hall or have any discretion to alter the terms of her employment. In light of the relative roles of the Sheriff and the Commonwealth, it is clear that Sheriff Woody has the authority to make key employment decisions, and exercises control over the manner and means of his employees' work, while the Commonwealth of Virginia does not. Therefore, the Complaint has plausibly alleged that Sheriff Woody, acting in his official capacity, was Hall's sole employer, and Defendants' motion to dismiss will be denied as to Sheriff Woody.

## CONCLUSION

For the reasons, and to the extent, set forth above, DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) (ECF No. 9) will be granted in part and denied in part.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 29, 2016